UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D&S MARINE SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-508** |
| **LYLE PROPERTIES, LLC** | **SECTION "H" (2)** |

## ORDER AND REASONS

The matter before the Court is Third-Party Defendant Lawson Environmental Services' LLC Motion to Reconsider or Alternatively to Alter or Amend this Court's Order on D&S Marine's Motion for Summary Judgment on Contractual Damages.  (Doc. 69.)  For the following reasons, Lawson Environmental Services, LLC's Motion is hereby **DENIED**.

## BACKGROUND

Lawson Environmental Services, LLC ("Lawson"), the Third-Party Defendant, had a direct contract with BP Exploration & Production ("BP") to perform work on the oil spill in the aftermath of the blowout on the *Deepwater Horizon* in April 2010.  Lawson subsequently contracted with Lyle

-1-

Properties, LLC ("Lyle"), the defendant, in order to obtain a boat to use while performing their work with BP.  Lyle then contracted with D&S Marine Services, LLC ("D&S Marine"), the plaintiff, for charter of the M/V DUSTIN D so that Lyle could fulfill their contract with Lawson.

The term of the Master Time Charter and attached Letter Agreement between Lyle and D&S Marine was for a period from July 12, 2010 to January 12, 2011 at a rate of $4,200 per day.  Lyle returned the M/V DUSTIN D on October 4, 2010 and failed to pay any charter hire after that date.  D&S Marine subsequently filed this suit against Lyle for breach of contract and open account seeking to recover the charter hire amount from October 4, 2010 until December 20, 2010 when the M/V DUSTIN D was sold.  Lyle answered and made a Third Party Demand against Lawson. (Doc. 6.)

On October 24, 2011 D&S filed a Motion for Partial Summary Judgment on Liability.  (Doc. 21.)  On November 9, 2011 the Court granted that Motion as unopposed.  (Doc. 31.)  On January 4, 2012 D&S Marine filed a Motion for Summary Judgment on Contractual Damages.  (Doc. 32.)  Lyle opposed the Motion (Doc. 55) and D&S Marine replied (Doc. 60).  On March 20, 2012 the Court held a Hearing on the Motion.  The Court orally granted D&S Marine's Motion for Summary Judgment on Contractual Damages and read reasons into the record.  (Doc. 64.)  The Court later amended its Order to reflect that no attorneys fees would be awarded.  (Doc. 65.)

On March 27, 2012 Lawson filed a Motion to Alter or Amend this Court's Order granting D&S's Motion for Summary Judgment on Contractual Damages. (Doc. 69.) D&S opposed Lawson's Motion. (Doc. 76.)

**LAW AND DISCUSSION**

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000)(*referencing Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998)).  A motion for reconsideration filed within 28 days of the district court's judgment, however, is construed as a Rule 59(e) motion. *Id.*  Lawson's motion was filed on March 27, 2012, within seven days of this Court's order.  Therefore, it will be construed as a Rule 59(e) Motion.

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)(*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).  Instead, Rule 59(e) serves the purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09-7651, 2010 WL 5057413, at *1 (E.D. La. Dec. 2 2010).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(*quoting Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 *(citing Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E. D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D.La. Oct.6, 2010). While the

district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995), denial of Rule 59(e) motions to alter or amend is favored. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Lawson contends that this Court committed manifest error of law by awarding Plaintiff "the entire amount of the contracted for charter hire (minus stipulated deductions)." (Doc. 69-1, p. 2.) Lawson asserts that it placed D&S Marine in a much better position than if the charter had been breached thereby allowing it to profit from the breach. (*Id.*) This Court does not agree with Lawson's argument and its recitation of this Court's judgment.

The Court awarded to D&S Marine, pursuant to the D&S Marine-Lawson Master Time Charter, its expected revenue, less the deductions for the amounts paid by Lyle, less the amounts D&S Marine earned in mitigation, less the expenses D&S Marine saved from the M/V DUSTIN D not being used. Neither Lyle nor Lawson presented any evidence to this Court of any other amounts that should be deducted. Moreover, this formula is common in maritime charter cases.[1]

In conclusion, as noted above, a Rule 59(e) motion is not a vehicle for rehashing issues

---

[1] *See, e.g., Skou v. United States*, 478 F.2d 343, 347 (5th Cir. 1973)(holding that "[d]amage to the owner can be computed by calculating the lost charter hire and deducting any savings to the owner attributable to the ship's being out of service"); *Delta S.S. Lines, Inc. v. Avondale Shipyard*, 747 F.2d 995, 1009 (5th Cir. 1984) *on reh'g*, 753 F.2d 378 (5th Cir. 1985)(when measuring damages for detention under a time charter the lost income to the vessel owner is computed by reducing from the gross charter hire expenses that the vessel owner would have incurred had the vessel not been inactive); *Huffman Towing, Inc. v. Mainstream Shipyard & Supply, Inc*. 388 F.Supp. 1362, 1370-1371 (N.D. Miss. 1975)(holding that a vessel owner is entitled to damages in the amount of daily charter rate less ordinary operating expenses and that overhead or fixed expenses should not be deducted in calculating the loss because such expenses remain constant, irrespective of the breach, and nonperformance of the contract produces no overhead cost savings).

decided to a party's dissatisfaction. The Court finds no manifest error in its previous conclusion and denies Lawson's Motion.

**CONCLUSION**

For the foregoing reasons, Lawson Environmental Services, LLC's Motion to Reconsider or Alternatively to Alter or Amend this Court's Order on D&S Marine's Motion for Summary Judgment on Contractual Damages (Doc. 69) is hereby **DENIED**.

New Orleans, Louisiana on this 4th day of May, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**